IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                    Plaintiff,

    v.                                              CASE NO. 18-3041-SAC

RICHARD SCOTT,

                    Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 18). Mr. Clervrain asks the Court to reconsider its order of June 28, 2018 (Doc. 16), dismissing the complaint with prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). Plaintiff primarily argues he should have been given more time to file an acceptable complaint in this case. He also argues the dismissal should have been made without prejudice to his refiling.

Having considered Plaintiff's motion, the Court agrees that the dismissal should have been made without prejudice. The Tenth Circuit has stated that a court should dismiss a pro se plaintiff's claim without prejudice where it is possible that the plaintiff could amend the complaint and state a claim. *See Staats v. Cobb,* 455 F. App'x 816, 818 (10th Cir. 2011); *see also Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (applying "permissive standard" to pro se prisoner

pleadings particularly where "deficiencies in a complaint" may stem from a "pro se litigant's ignorance of special pleading requirements"). "Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal [with prejudice], so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 n.3 (10th Cir. 1992); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The deficiencies in Plaintiff's filings in this case, including the fact that he did not file an actual complaint, make it exceedingly difficult to determine whether or not it is possible for Mr. Clervrain to state an actionable claim. However, given Plaintiff's pro se status, the Court finds it is appropriate to give Plaintiff the benefit of the doubt. Consequently, the order and judgment dismissing this case should be revised to order dismissal of the case without prejudice.

The Court cautions Plaintiff that if he chooses to refile his claim, he should only do so after preparing a complaint on court-approved forms that complies with Federal Rule of Civil Procedure 8. Rule 8 requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). His "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. All of Plaintiff's filings to date have been "too vague and unintelligible to inform the named defendants of the legal claims being asserted" and failed to describe with any specificity or coherence what action was taken or who took such action. *See Galindo v. Lampela*, 513 F. App'x 751, 752–53 (10th Cir. 2013); *see also Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007).

**IT IS THEREFORE ORDERED** Plaintiff's motion for reconsideration (Doc. 18) is granted insofar as the order (Doc. 16) and judgment (Doc. 17) are amended to dismiss this matter without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: This 17th day of July, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**