IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

                **Plaintiff,**

    v.                                                      CASE NO. 18-3041-SAC

RICHARD SCOTT,

                **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on two motions for leave to appeal *in forma pauperis* (ECF Docs. 25 and 27) filed by Plaintiff, and on Plaintiff's motion for judicial panel for multidistrict litigation (ECF Doc. 24).

"In order to succeed on [a motion for leave to proceed in forma pauperis on appeal], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 F. App'x 742, 743 (10th Cir. 2012) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Spearman v. Collins*,

500 F. App'x at 743 (quotation omitted). *See also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (noting that an appeal is frivolous if it "lacks an arguable basis in either law or fact").

Mr. Clervrain's financial affidavit shows that he is unable to pay the filing fee. Mr. Clervrain did not, however, fill out the portion of the IFP application that provides space to identify "issues on appeal." *See* ECF Doc. 25 at 1; ECF Doc. 27 at 1. Because he made no statement of issues on appeal, he has not identified any argument of error regarding the Court's dismissal of his claims. He does not summarize facts, restate causes of action, or make any attempt at isolating reviewable issues. Accordingly, the Court concludes that Mr. Clervrain's appeal is not taken in good faith and therefore denies his motion.

In his motion for judicial panel for multidistrict litigation (ECF Doc. 24), Plaintiff seems to be requesting that this action be transferred to the judicial panel on multidistrict litigation. As this action has been dismissed, Plaintiff's motion is moot. Furthermore, 28 U.S.C. § 1407 provides that such motion shall be filed with the panel, with only a copy of the motion filed in the district court where the moving party's action is pending. 28 U.S.C. § 1407(c)(ii). It is not within this Court's power to grant the motion.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Plaintiff's motions for leave to appeal *in forma pauperis* (ECF Docs. 25 and 27) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for judicial panel for multidistrict litigation (ECF Doc. 24) is **denied as moot**.

**IT IS SO ORDERED.**

DATED: This 21st day of September, 2018, at Topeka, Kansas.

>s/ Sam A. Crow
>**SAM A. CROW**
>**U.S. Senior District Judge**